SUPREME COURT — COUNTY OF NEW YORK.

GODFREY GOLDMARK, Plaintiff, v. U. S. ELECTRO-GALVANIZING COMPANY, Defendant.

On reading the annexed affidavit of Godfrey Goldmark, sworn to herein on January 9, 1906, and the pleadings thereto annexed, and on motion of Steele, De Friese & Frothingham, attorneys for the above named plaintiff, it is

Ordered that Louis Pothoff, *as President of the above named defendant,* be examined, and his deposition be taken, pursuant to section 873 of the Code of Civil Procedure, and for that purpose he appear before me, at a Special Term of this court to be held at the County Court House in the borough of Brooklyn, city of New York, on the 17th day of January, 1906, at ten o'clock in the forenoon, and submit to an examination concerning the matters set forth in said affidavit.

Further ordered that said Pothoff produce upon said examination the order books, contract books, ledgers, bank books and check *books of said defendant,* and any other books or papers containing entr'es of the matters involved in this action; such production of the books being only for the purpose of refreshing the recollection of said Pothoff, and aiding his memory in the oral examination; such books not being produced for the purpose of examination or inspection by plaintiff or his counsel.

Service of a copy of this order, and of the papers hereto annexed, upon said Louis Pothoff personally, on or before the 12th day of January, 1906, shall be sufficient service thereof.

Dated *January 10th,* 1906.

WILLIAM J. KELLY,
*Justice of the Supreme Court.*

(Supreme Court, Appellate Division, First Dept., Vol. 1130.)

The statute does not authorize the examination of an officer apart from the examination of the corporation and certainly that was not the effect of the order in the *Goldmark* case. In the *Meade* case Mr. Justice Chester indicated that this was the law as to corporate parties and directed a modification of the order in that case so that in form at least it would be an order of examination of the defendant by requiring its secretary to be examined and produce its books and papers. But that does not warrant the interpretation that the Appellate Division in this department has sanctioned here a modification of the order for the examination of these yardmasters so as to make it an order for the examination of the defendant and requiring these yardmasters to be examined. These yardmasters are not " officers, directors or managing agents " of the corporation within the meaning of section 872, subdivision 7 of the Code of Civil Procedure.

An order may be entered vacating the order of Mr. Justice Chester for the examination before trial of the two witnesses in question, with ten dollars costs of this motion.